1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                  * * *
                                         )
9    MARILYN MIGLIN,                      )
                                         )
10          Plaintiff,                    )          2:08-CV-01013-LRH-PAL
                                         )
11    v.                                  )
                                         )          ORDER
12   JAMES JOSEPH "TED" MELLON,           )
                                         )
13          Defendant.                    )
                                         )
14   _____)

15          Before the court is Defendant James Joseph "Ted" Mellon's Motion to Dismiss (#53[1]).

16   Plaintiff Marilyn Miglin has filed an opposition (#57) to which Defendant replied (#58).  Defendant

17   has also filed a "Supplement to Motion to Dismiss" (#59) and a "Second Supplement to Motion to

18   Dismiss" (#60).

19   **I.      Facts and Procedural History[2]**

20          This diversity action arises out of Plaintiff's investment in a medical device designed to

21   eradicate and improve spider veins.  Dr. Dennis P. Gordon invented and patented the device, and

22   Advanced Medical Products, Inc. ("AMP") later purchased the patent.

23          Plaintiff and Defendant became friends in 1999, and in February of 2000, Plaintiff first

24   _____

25          [1]Refers to the court's docket entry number.

26          [2]Because the court considers this case on a motion to dismiss, the court takes the complaint's
     allegations as true.  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

1   learned of the medical device from Defendant.  Several months later, Defendant told Plaintiff that

2   AMP needed five million dollars of additional capital to develop and promote the device.

3   Defendant told Plaintiff that if she invested $2,500,000, he would invest the remaining amount

4   needed.  Defendant further advised Plaintiff that AMP would use the money to pay Dr. Gordon for

5   the patent and to promote and produce the device.  Plaintiff agreed to invest the money and

6   subsequently did so.

7          In 2006, Plaintiff discovered that, despite their agreement, Defendant had not invested any

8   money in AMP.  In addition, she learned that Defendant had personally withdrawn over $900,000

9   from her investment in the company.

10          On April 19, 2007, Plaintiff received a letter from Defendant demanding that Plaintiff (1)

11   pay him $3,500,000 for his stock in AMP and (2) pay a promissory note given to him by AMP.

12          As a result of this conduct, on August 31, 2007, Plaintiff initiated this action in the state

13   court of Illinois, alleging that Defendant defrauded her in both her initial investment and in the

14   allocation of her subsequent investments.  Defendant later removed the case to the U.S. District

15   Court for the Northern District of Illinois, and on July 17, 2008, the case was transferred to the

16   District of Nevada.

17   **II.   Discussion**

18          Defendant argues dismissal is appropriate because Plaintiff's claims are barred by the

19   doctrines of claim and issue preclusion and by the applicable statute of limitations.  The court will

20   address each of these arguments below.

21          **A.  Legal Standard**

22          Before the court considers Defendant's substantive arguments, the court must resolve the

23   parties' dispute over whether the court can consider matters outside the pleadings without

24   converting the motion to dismiss into a motion for summary judgment.  In particular, Defendant

25   seeks to admit judicial records from the Eighth Judicial District Court in Clark County, Nevada.

26

1   The records stem from four separate lawsuits later consolidated into a single action.  Each of the

2   suits concerned the creation and attempted sale of the medical device at issue in this case.

3          "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence

4   outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for

5   summary judgment, and must give the nonmoving party an opportunity to respond."  *United States*

6   *v. Ritchie*, F.3d 903, 907 (9th Cir. 2003) (citations omitted).  However, the court may consider

7   certain materials without converting the motion to dismiss into a motion for summary judgment.

8   *Id.* at 908 (*citing Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2000); *Barron v. Reich*, 13 F.3d

9   1370, 1377 (9th Cir. 1994)).  Such materials include documents attached to the complaint,

10  documents incorporated by reference in the complaint, or matters of judicial notice.  *Id.*

11         Courts may take judicial notice of adjudicative facts that are "not subject to reasonable

12  dispute."  Fed. R. Evid. 201(b).  A fact is not subject to reasonable dispute, and is thus subject to

13  judicial notice, only where the fact is either "(1) generally known within the territorial jurisdiction

14  of the trial court or (2) capable of accurate and ready determination by resort to sources whose

15  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  If matters of public record meet

16  the requirements of Rule 201(b), then the court may consider the documents without converting the

17  motion to dismiss into a motion for summary judgment.  *Ritchie*, 342 F.3d at 909.

18         "Court orders and filing are the type of documents that are properly noticed under [Rule

19  201(b)]."  *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112 (C.D. Cal. 2003).  In

20  particular, courts may take judicial notice of proceedings of other courts if those proceedings have a

21  "direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v.*

22  *Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted).  Nonetheless, the court can only take

23  judicial notice of these documents for the "limited purpose of recognizing the 'judicial act' that the

24  order represents on the subject matter of litigation."  *Neilson*, 290 F. Supp. 2d at 1112 *(quoting*

25  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

26

3

1        As the documents filed in the Eighth Judicial District Court are directly related to the

2   matters at issue in this case, the court will take judicial notice of the documents.  The court notes

3   that it notices these documents for their existence and not for the truth of any disputed facts recited

4   therein.

5        Because the court takes judicial notice of the records, the court would ordinarily review

6   Defendant's motion under the standard applicable to a motion to dismiss.  However, Plaintiff

7   argues that because Defendant filed his answer on January 4, 2008, he cannot now file a motion to

8   dismiss for failure to state a claim.  In the Ninth Circuit, where a party files a Rule 12(b)(6) motion

9   to dismiss after filing an answer, the court may consider the motion to dismiss as a motion for

10  judgment on the pleadings pursuant to Rule 12(c) and 12(h)(2).  *Aldabe v. Aldabe*, 616 F.2d 1089,

11  1093 (9th Cir. 1980).  The court will do so here.

12       Rule 12(c) of the Federal Rules of Civil Procedure provides, "[a]fter the pleadings are

13  closed but within such time as not to delay the trial, any party may move for judgment on the

14  pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when there are no issues

15  of material fact, and the moving party is entitled to judgment as a matter of law."  *General*

16  *Conference Corp. of Seventh Day Adventists v. Seventh Day Adventist Congregational Church*, 887

17  F.2d 228, 230 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)).  "The motion for a judgment on the

18  pleadings only has utility when all material allegations of fact are admitted or not controverted in

19  the pleadings and only questions of law remain to be decided by the district court."  5C Charles

20  Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d. Ed. 2004).

21  "In ruling on a motion for judgment on the pleadings, district courts must accept all material

22  allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-

23  moving party."  *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc.,* 907 F.Supp. 1361,

24  1381 (N.D. Cal. 1995).

25  ///

26
                                          4

**B. Claim Preclusion**

Defendant argues the doctrine of claim preclusion bars Plaintiff from asserting her fraud claims against Defendant. "A valid and final judgment on a claim precludes a second action on that claim or any part of it." *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (D. Nev. 1994) (citation omitted).[3] In Nevada, for claim preclusion to apply, the following requirements must be satisfied: (1) the parties or their privies to the two actions are the same; (2) the first action resulted in a valid final judgment; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

The court finds that, as to the parties now before the court, the Nevada state court action did not result in a final judgment on the merits triggering the application of claim preclusion. Of the four suits later consolidated, it appears that the only suit to which Defendant was a party was the suit filed by Dr. Gordon against Plaintiff, Defendant, and several others. The state court records indicate that in early September of 2003, before the cases were consolidated, the court granted Defendant's motion to dismiss and dismissed Dr. Gordon's claims against Defendant *without* prejudice. "Dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect." *Cotter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) (internal quotation marks and citation omitted). Accordingly, the prior state court action does not preclude Plaintiff from asserting her claims against Defendant.[4]

---

[3]Federal courts must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997). Accordingly, here, the court applies the preclusion law of the State of Nevada.

[4]The court recognizes that the consolidated state court action was ultimately dismissed with prejudice pursuant to a settlement agreement and that dismissal of an action with prejudice pursuant to a settlement agreement amounts to a final judgment on the merits. *See Lawrence v. Steinford Holding B.V. (In re Dominelli)*, 820 F.2d 313, 316-17 (9th Cir. 1987) (citation omitted); *see also Phillbotts v. Blasdel*, 10 Nev. 19 (1874) (holding that where the attorneys stipulated to the dismissal with prejudice of a cause of action, that

5

**C.  Statute of Limitations**

Defendant also argues dismissal is warranted because the applicable statute of limitations

bars Plaintiff's claims.  While the parties dispute whether Nevada or Illinois law governs the

statute of limitations, the court need not resolve this dispute at this time.[5]  Under either the Nevada

or Illinois statute of limitations, accrual of a fraud claim occurs when the plaintiff knows or

reasonably should know of the fraud.  *See Hernandez v. Childers*, 736 F. Supp. 903, 911 (N.D. Ill.

1990) (citation omitted) ("The limitations period commences 'when plaintiff knows or reasonably

should know of the injury and knows or reasonably should know that the injury was wrongfully

caused.'"); *Howard v. Howard*, 239 P.2d 584, 589 (Nev. 1952) ("[T]he statute of limitation

commence[s] to run from the date of the discovery of facts which in the exercise of proper

diligence would have enabled the plaintiff to learn of the fraud.")  Moreover, in both Illinois and

Nevada, "the question of what constitutes sufficient knowledge to place a party under an

affirmative duty to discover the fraud or mistake is normally a jury question."  *Sierra Diesel*

*Injection Serv. v. Burroughs Corp.*, 651 F. Supp. 1371, 1373 (D. Nev. 1987); *see also Roe v.*

*Jewish Children's Bureau*, 790 N.E.2d 882 (Ill. App. Ct. 2003) (finding that determination of when

plaintiffs were on notice of misrepresentation should be determined by finder of fact).

Here, although the fraud at issue primarily stems from events that occurred in 2000, the

_____

cause of action could not be brought again).  Nonetheless, as Defendant had been dismissed before the state
court cases were consolidated, Defendant was not a party to the settlement agreement or the resulting dismissal.

Finally, the court notes that in the motion to dismiss, Defendant briefly argues that the doctrine of
collateral estoppel requires the court to dismiss Plaintiff's complaint. However, the lack of a final judgment
on the merits equally forecloses the application of issue preclusion here. *See Five Star Capital Corp.*, 194 P.3d
at 713 (noting a final decision on the merits is among the requirements for the application of issue preclusion);
*see also Duncan v. United States (In re Duncan)*, 713 F.2d 538, 544 (9th Cir. 1983) ("[A] dismissal without
prejudice is generally not considered an adjudication on the merits of a controversy and this is not entitled to
preclusive effect.")

[5]Indeed, it would be difficult for the court to determine which state's law applies based on the
information and arguments now before it.  The Illinois District Court's removal order indicates that a stock
purchase agreement containing a choice of law provision may govern this dispute.  However, neither party has
submitted the agreement at this time.

1  parties dispute when Plaintiff was on notice of the facts supporting her fraud claims.  Because the

2  court will need to consider disputed facts to determine when Plaintiff was on notice of the alleged

3  fraud, resolution of this issue is not appropriate on a motion to dismiss.  Defendant is free to re-

4  assert his statute of limitations arguments and present evidence in support thereof on a motion for

5  summary judgment or at trial.

6       IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#53) is DENIED.

7       IT IS SO ORDERED.

8       DATED this 3rd day of November, 2009.

9

10

11  _____

     LARRY R. HICKS

12      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26